UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GSC LOGISTICS, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>STAR GALAXY LOGISTICS, INC., and IRVINDER S. DHANDA,<br><br>   Defendants. | Case No: C 09-5886 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND GRANTING REQUEST FOR AN ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Docket 10 |

  On December 16, 2009, Plaintiff, GSC Logistics, Inc., filed the instant action against Defendants, Star Galaxy Logistics, Inc., and Irvinder S. Dhanda, inter alia, for trade name infringement under the Lanham Act. The Complaint alleges that Defendants recently started operating under the name, "GSC Trucking," which Plaintiff alleges infringes upon its trade name. Plaintiff filed an Amended Complaint on January 22, 2010.

  On January 26, 2010, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction to enjoin Defendants from using the letters "GSC" or any variation thereof to identify any of their goods and/or services. Curiously, Plaintiff's memorandum in support of its ex parte application is silent as to when Plaintiff became aware of Defendants' allegedly infringing use of "GSC." However, in the declaration of Brandon Taylor, Transportation Manager of Plaintiff, Plaintiff indicates that it "became aware" that Defendants were operating under the name GSC Trucking "in late 2009." (Taylor Decl. ¶ 4.)

  A temporary restraining order under Federal Rule of Civil Procedure 65 is an extraordinary remedy that is generally reserved for emergency situations in which a party may suffer immediate irreparable harm. See Whirlpool Corp. v. Marshall, 445 U.S. 1, 20 n.33 (1980) (temporary restraining orders used for "emergency situations"); c.f., Oakland Tribune, Inc. v. Chronicle Pub.

1 | Co., 762 F.2d 1374, 1377 (9th Cir. 1985) (delay in seeking injunctive weighs against a finding of
2 | urgency). No such emergency is evident in this action. Plaintiff has been aware that Defendants
3 | have been operating under the name GSC Trucking since "late 2009." (Taylor Decl. ¶ 4.) Yet,
4 | Plaintiff waited at least a month, if not longer, to bring the instant ex parte application for a
5 | temporary restraining order to *immediately* restrain Defendants' use of "GSC" in its name. Given
6 | such delay, the Court, in its discretion, concludes that Plaintiff has not demonstrated that a
7 | sufficient exigency exists to justify imposition of a temporary restraining order. Rather, this matter
8 | is more appropriately heard in the context of Plaintiff's request for a preliminary injunction.
9 | Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's ex parte application for a temporary restraining order is DENIED. Plaintiff's request for an order to show cause why a preliminary injunction should not issue is GRANTED. By no later than February 8, 2010, Defendants shall file their response to Plaintiff's request for a preliminary injunction. The failure to file a timely response may be construed by the Court as a consent to the imposition of the proposed preliminary injunction. Plaintiff's reply in support of its request for preliminary injunction shall be filed by no later than February 15, 2010. The hearing on the motion will take place on **March 2, 2010 at 1:00 p.m.** in Courtroom 1 of the United States District Court, 1301 Clay St., Oakland, California. The parties are advised that, pursuant to Federal Rule of Civil Procedure 78(b), the Court may, in its discretion, adjudicate the motion for preliminary injunction without oral argument. The parties are advised to check the Court's website to determine whether an appearance on the motion is required. Plaintiff is ordered to serve a copy of this Order on Defendants and their counsel, if known, forthwith. This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: January 27, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge