UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GSC LOGISTICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> STAR GALAXY LOGISTICS, INC., and IRVINDER S. DHANDA, <br><br> Defendants. | Case No: C 09-5886 SBA <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> Docket 25 |

The parties are presently before the Court on Plaintiff GSC Logistics, Inc.'s unopposed motion for preliminary injunction. Having read and considered the papers filed in connection with the motion, coupled with the lack of opposition by Defendants, the Court grants the motion for the reasons set forth below. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the motion without oral argument.

## I. BACKGROUND

### A. FACTUAL SUMMARY

Plaintiff GSC Logistics, Inc., is a provider of trucking, deconsolidation and other logistics services at the Port of Oakland. Taylor Decl. ¶ 2. On average, Plaintiff handles approximately 112,000 containers per year. Id. Plaintiff has operated under the name "GSC Logistics" for over fifteen years, and has developed a considerable presence at the Port. Chauvel Decl. ¶ 2; Taylor Decl. ¶ 2. Plaintiff also is well known among the logistics and shipping departments at many large domestic and international companies due to its affiliation with the Port. Id. For example, Plaintiff has been contractually appointed as the preferred trucking company for Walgreens at the Port of Oakland, meaning that vendors wishing to ship goods to Walgreens generally use Plaintiff to make the delivery. Id. ¶ 9.

In late 2009, Plaintiff learned that Defendants Irvinder S. Dhanda and his company, Star Galaxy Logistics, Inc. (Star Galaxy), were operating a trucking business under the name "GSC Trucking." Id. ¶ 4. Like Plaintiff, GSC Trucking provides trucking services and conducts business at the Port of Oakland. Id. Defendants likewise operate a website located at the URL www.gsctrucking.net and use gsc.trucking@yahoo.com as their email address. Id. ¶¶ 5-6. In addition, the transmission header which appears on facsimiles sent from Defendants displays the name "GSCTRUCKING LOGISTIC." Id. ¶ 6 Ex. B. Defendants' use of the "GSC" name has resulted in confusion among the terminal operators at the Port of Oakland, who have inquired of Plaintiff whether the two companies are related. Id. ¶ 7.

Moreover, it appears that Defendants' decision to use GSC as part of its name was intentional. Balbir Singh, an acquaintance of Defendant Irvinder Dhanda and who works with Plaintiff, indicated that Mr. Dhanda, knowing of his affiliation with Plaintiff, stated "I am now GSC too," or words to that effect. Singh. Decl. ¶ 3. When Mr. Singh asked what he meant, Mr. Dhanda allegedly replied that he had adopted the name GSC Trucking in the hopes that customers would call him by mistake. Id. This purported ploy apparently has worked for Mr. Dhanda, who has made deliveries to Walgreen, notwithstanding that GSC Trucking is *not* Walgreens' preferred trucker. Taylor Decl. ¶ 10.

**B. PROCEDURAL HISTORY**

On December 16, 2009, Plaintiff, GSC Logistics, Inc., filed the instant action against Defendants, Star Galaxy Logistics, Inc., and Irvinder S. Dhanda, *inter alia*, for trade name infringement under the Lanham Act. Plaintiff filed an Amended Complaint on January 22, 2010. On January 26, 2010, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction to enjoin Defendants from using the letters "GSC" or any variation thereof to identify any of their goods and/or services.

On January 28, 2010, the Court issued an order denying Plaintiff's request for a temporary restraining order on the ground that Plaintiff had not demonstrated a sufficient emergency to justify immediate relief. However, the Court granted Plaintiff's request to issue an order to show cause why a preliminary injunction should not issue. Defendants were given

until February 8, 2010, to file their response to Plaintiff's motion for preliminary injunction. The Court warned Defendants that "[t]he failure to file a timely response may be construed by the Court as a consent to the imposition of the proposed preliminary injunction." (Docket 18 at 2.) To date, Defendants have not filed any response to the motion. On February 12, 2010, Plaintiffs notified the Court of Defendants' lack of opposition and requested the immediate entry of the requested preliminary injunction. (Docket 25.)[1]

## II. <u>LEGAL STANDARD</u>

The decision of whether to grant or deny a motion for preliminary injunction is a matter of the district court's discretion. <u>Am. Trucking Ass'ns, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009). The standard for assessing a motion for preliminary injunction is set forth in <u>Winter v. Natural Res. Def. Council, Inc.</u>, ---U.S. ---, 129 S.Ct. 365, 376 (2008). "Under <u>Winter</u>, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." <u>Sierra Forest Legacy v. Rey</u>, 577 F.3d 1015, 1021 (9th Cir. 2009).

## III. <u>DISCUSSION</u>

### A. LIKELIHOOD OF SUCCESS ON THE MERITS

"The Trademark Act of 1946 ('Lanham Act') prohibits uses of trademarks, trade names, and trade dress that are likely to cause confusion about the source of a product or service." <u>Bosley Med. Inst., Inc. v. Kremer</u>, 403 F.3d 672, 676 (9th Cir. 2005) (citing 15 U.S.C. §§ 1114, 1125(a)). To prevail, the plaintiff must show that it 1) has a valid, protectable proprietary interest in the trade name, and 2) that defendant's use of the name creates a "likelihood of confusion" in the general public. <u>New West Corp. v. NYM Co. of Calif., Inc.</u>, 595 F.2d 1194,

---

[1] On February 16, 2010, Defendant Dhanda, acting pro se, filed a motion to dismiss. (Docket 26.) The motion does not address the merits of Plaintiff's motion for preliminary injunction. In addition, Mr. Dhanda cannot represent a Star Galaxy, a corporation, which may only appear through counsel. See <u>United States v. High Country Broadcasting Co.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993).

1198-1202 (9th Cir. 1979); Accuride Int'l Inc. v. Accuride Corp., 871 F.2d 1531, 1534 (9th Cir. 1989) (holding that claims for trademark and trade name claims are evaluated under the same test for likelihood of confusion).

In determining whether there is a likelihood of confusion, a court should weigh the following factors: 1) the strength of the mark; 2) proximity of the goods; 3) similarity of the marks; 4) evidence of actual confusion; 5) marketing channels used; 6) type of goods and the degree of care likely to be exercised by the purchaser; 7) the defendant's intent in selecting the mark; and 8) likelihood of expansion of the product lines. See AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979). The similarity of the marks, proximity of the goods and marketing channels used constitute "the controlling troika in the Sleekcraft analysis." GoTo.com, Inc., 202 F.3d at 1205. These three factors are the most important. See Brookfield Commc'ns, Inc. v. W. Coast Entmt. Corp., 174 F.3d 1036, 1055 n.16 (9th Cir. 1999).

### B. LIKELIHOOD OF SUCCESS ON LANHAM ACT CLAIM

#### 1. Protectable Trade Name

The amount of protection accorded to a particular mark or name is a function of its distinctiveness. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 768 (1992). Here, the letters "GSC" have no apparent meaning and do not describe Plaintiff's business. The Ninth Circuit has recognized that this type of mark or name is considered "distinctive," and therefore, entitled to protection under the Lanham Act. See Lahoti v. VeriCheck, Inc., 586 F.3d 1190, 1197 (9th Cir. 2009) ("Other marks are just as plainly distinctive, as for example in fanciful marks where the letters do not form a word in the dictionary and there is no apparent logical connection to the goods"). As such, the Court finds, for purposes of the instant motion, that Plaintiff has demonstrated that it has a protectable name.

#### 2. Likelihood of Confusion

Turning next to the Sleekcraft factors, the Court finds that, on balance, they weigh in favor of finding a likelihood of confusion.

First, as discussed above, Plaintiff's name is distinctive, which means that the mark is considered strong. See One Indus., LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1164 (9th

Cir. 2009) ("'Trademark law offers greater protection to marks that are "strong," i.e., "distinctive."'") (citations omitted).

Second, the services offered by Plaintiff and Defendant are related. Both Plaintiff and Defendant provide the same type of services, i.e., trucking and delivery, under essentially the same name and in the same geographic area. Related services are generally more likely than unrelated services to confuse the public as to the source of the services. Brookfield, 174 F.3d at 1055.

Third, the trade names are virtually identical; i.e., "GSC Logistics" versus "GSC Trucking." This also weighs in favor of finding a likelihood of confusion. See Perfumebay.com Inc. v. EBAY, Inc., 506 F.3d 1165, 1174 (9th Cir. 2007) ("PerfumeBay" confusingly similar to "eBay" mark); Brookfield, 174 F.3d at 1055 ("moviebuff.com" was essentially the same as "moviebuffonline.com" and likely to confuse the public).

Fourth, there is uncontroverted evidence in the record that there has been actual confusion as a result of Plaintiff and Defendant's use of virtually identical names. Officials at the Port of Oakland have inquired whether the companies are related. Taylor Decl. ¶ 7; Singh Decl. ¶ 3. In addition, there is evidence that shipments intended for delivery by Plaintiff have, in fact, been delivered by Defendants. Taylor Decl. ¶ 10. Such evidence is "persuasive proof that future confusion is likely." Sleekcraft, 599 F.2d at 352.

Fifth, there is evidence that Defendants intentionally selected the letters "GSC" as part of their new business name in order to generate confusion as to the identity of the two companies. Singh Decl. ¶ 3 (stating that Mr. Dhanda chose the name GSC Trucking in the hope that Plaintiff's customers would call him by mistake). This evidence also weighs in favor of Plaintiff. See Interstellar Starship Servs., Ltd. v. Epix, Inc., 184 F.3d 1107, 1111 (9th Cir. 1999) ("intent to deceive is strong evidence of a likelihood of confusion").

In sum, the majority of the Sleekcraft factors, including two of the three controlling troika, support Plaintiff's claim that Defendant's use of a confusingly similar trade name is

likely to cause—and indeed, has caused—confusion.[2]  Accordingly, the Court finds that Plaintiff has shown a likelihood of success on the merits of its claims under the Lanham Act.

### C. IRREPARABLE HARM, BALANCE OF HARDSHIPS AND PUBLIC INTEREST

The Ninth Circuit has recognized that the potential loss of good will or the loss of the ability to control one's reputation may constitute irreparable harm for purposes of preliminary injunctive relief.  See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm."); Apple Computer, Inc. v. Formula Int'l Inc., 725 F.2d 521, 526 (9th Cir. 1984) (finding irreparable injury where "district court could reasonably have concluded that continuing infringement would result in loss of control over Apple's reputation and loss of good will").  The loss of good will and damage to reputation are considered irreparable due to the inherent difficulty in quantifying such loss. See Rent-a-Center, Inc. v. Canyon Television & Appliance, 944 F.2d 597, 603 (9th Cir. 1991).

Here, Plaintiff has operated under the name GSC Logistics continuously for the last fifteen years, during which time it has built up significant customer good will.   Taylor Decl. ¶ 3.  Plaintiff's presence at the Port of Oakland is well established, and the company is known at other west coast ports as well.  Id.  In addition, the logistics and shipping departments at many large domestic and international companies are familiar with Plaintiff due to its prominence at the Port of Oakland.  Id.  Plaintiff has no control over Defendants' operations, which the public has begun to confuse with Plaintiff's business.  Id. ¶ 9.  As such, the public's likely association between Defendant's operations with Plaintiff's poses a serious threat to the years of good will that Plaintiff has established in the local logistics service industry.

The Court is also satisfied that the balance of equities tips in favor of Plaintiff and that the public interest favors the requested injunction.  See Winter, 129 S. Ct. at 376.  The harm to Plaintiff and the public resulting from Defendants' continued use of the Plaintiff's name is evident from the fact Defendant's services have been used by customers believing that they, in

---

[2] The Court has not been presented with sufficient evidence to assess the remaining factors.

fact, were dealing with Plaintiff.  Plaintiff is the preferred trucking company at the Port of Oakland for deliveries going to Walgreens.  Taylor Decl. ¶ 10.  Vendors desiring to ship goods to Walgreens are thus likely to use Plaintiff's services.  Id.  However, there have been several deliveries to Walgreen's by GSC Trucking.  Id.

In contrast, an injunction will not harm Defendants since it appears that they only recently began operating under the name GSC Trucking.  Id. ¶ 4.  There also is no showing by Defendant that it will suffer any hardship in the event the Court grants Plaintiff's motion for preliminary injunction.

### D. BOND

Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Rule 65(c) "invests the district court 'with discretion as to the amount of security required, *if any*.'"  Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original; quoting Barahona-Gomez v. Reno, 167 F.3d 1228, 1237 (9th Cir. 1999)).  A district court may forego a bond "when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."  Jorgensen, 320 F.3d at 919.  Here, Defendants failed to avail themselves of the opportunity to oppose the instant motion or to demonstrate the harm that allegedly would result in the event the injunction was improperly imposed.  The Court therefore finds that a nominal bond in the amount of $1,000 is appropriate in this case.  Mortgage Elec. Registration Sys., Inc. v. Brosnan, 2009 WL 3647125 at *10 (N.D. Cal., Sept. 4, 2009) (imposing a $1,000 where defendants formed business entities under the same name as plaintiff's company) (Armstrong, J.).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for a preliminary injunction.  Defendant Star Galaxy Logistics, Inc., and Irvinder S. Dhanda and its officers, agents, servants, employees, attorneys and all others in active concert or participation with

them ARE HEREBY RESTRAINED AND ENJOINED, pending the resolution of this action, from:

    1. Using the letter combination "GSC" in connection with the word "trucking," or any similar term, to identify or describe themselves and/or any services they provide in connection with operating a trucking, logistics or similar business;

    2. Using the URL www.gsctrucking.net or any other URL using the letter combination "GSC" in connection with the word "trucking," or any similar term, relating to trucking, logistics or a similar business;

    3. Using the email address gsc.trucking@yahoo.com or any other email address using the letter combination "GSC" in connection with the word "trucking," or any similar term, relating to trucking, logistics or a similar business;

    4. Using "GSCTRUCKING LOGISTIC" as a facsimile transmission identifier, or any facsimile transmission identifier using the letter combination "GSC" in connection with the word "trucking," "logistic," or any term relating to trucking, logistics or a similar business;

    5. This preliminary injunction will take effect upon the posting of a bond in the amount of $1,000 by Plaintiff.

    6. Plaintiff shall serve a copy of this Order on Defendants and the domain name registrar for the URL www.gsctrucking.net.

    7. This Order terminates Docket 25.

IT IS SO ORDERED.

Dated: February 22, 2010

                                            _____
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge