UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GSC LOGISTICS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>STAR GALAXY LOGISTICS, INC., and IRVINDER S. DHANDA,<br><br>Defendants. | Case No: C 09-5886 SBA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**<br><br>Docket 26 |

Plaintiff GSC Logistics, Inc. ("Plaintiff"), filed the instant action against Defendant Star Galaxy Logistics, Inc. ("Star Galaxy"), and Irvinder S. Dhanda ("Defendant") for trade name infringement under the Lanham Act, 15 U.S.C. § 1125(a), as well as state law. The parties are presently before the Court on Defendants' Motion to Dismiss Under FRCP 12(b)(6), or, in the Alternative, Motion for More Definite Statement Under FRCP 12(e). Having read and considered the papers filed in connection with this matter, the Court DENIES the motion for the reasons set forth below. Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the motion without oral argument.

I. **BACKGROUND**

The facts herein are taken from the Amended Complaint, which are accepted as true for purposes of the instant motion. Plaintiff is a provider of trucking, deconsolidation and other logistics services at the Port of Oakland. Am. Compl. ¶ 7. Plaintiff has operated under the name "GSC Logistics" for over fifteen years, and has developed a considerable goodwill in its name based on the length of its operations and presence at the Port. Id. Recently, Defendant and his company, Star Galaxy, began operating a trucking business under the name "GSC Trucking." Id. ¶ 8. Like Plaintiff, GSC Trucking provides trucking services and conducts

business in and around Oakland. Id. Defendants' use of "GSC" as part of its name is allegedly confusing the public into believing that the two companies are related when, in fact, they are not. Id. ¶ 10.

On December 16, 2009, Plaintiff filed the instant action against Star Galaxy and Defendant, inter alia, for trade name infringement. Plaintiff filed an Amended Complaint on January 22, 2010, which alleges four claims: (1) Violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) Trade Name Infringement, Cal.Bus. & Prof. Code § 14402; (3) Common Law Trade Name Infringement and False Designation of Origin; and (4) Violation of Unfair Business Practices Act, Cal.Bus. & Prof. Code § 17200, *et seq.* On February 24, 2010, the Court granted Plaintiff's motion for preliminary injunction, and enjoined Defendants from using the letter combination "GSC" in connection with the word "trucking," or any similar term, to identify or describe themselves and/or any services they provide in connection with operating a trucking, logistics or similar business. Docket 28 at 8.

On February 16, 2010, Defendant, acting pro se, filed the instant motion to dismiss or alternatively for a more definite statement, on behalf of himself and Star Galaxy. Star Galaxy, a corporation, does not appear to have its own legal counsel. Plaintiff filed an opposition to the motion on March 23, 2010. Defendant did not file a reply.[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93

---

[1] As a corporation, Star Galaxy may only appear through counsel. See United States v. High Country Broadcasting Co., 3 F.3d 1244, 1245 (9th Cir. 1993). Thus, the Court construes the instant motion as having been brought by Defendant on behalf of himself only.

(2007) (internal quotation marks omitted); Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1122 (9th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993).  Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

## III. DISCUSSION

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

A claim under section 43(a) of the Lanham Act requires two elements: (1) a valid, protectable proprietary interest in the trade name; and (2) that defendant's use of the name creates a "likelihood of confusion" in the general public.  New West Corp. v. NYM Co. of California, Inc., 595 F.2d 1194, 1198-1202 (9th Cir.1979); 15 U.S.C. § 1125(a).  Plaintiff alleges facts in support of both elements.  Specifically, Plaintiff avers that it has operated under the name GSC Logistics for over fifteen years, and that Defendants' use of GSC in its name is likely to confuse the public into believing that they "are somehow associated with [Plaintiff]."  Am. Compl. ¶¶ 7, 8, 10.  This is sufficient to state a claim for trade name infringement.[2]

Defendant's motion to dismiss does not address the pleading requirements for claims based on trade name infringement.  Rather, Defendant proffers a scattershot of cursory arguments, none of which are legally sound and/or cognizable on a Rule 12(b)(6) motion to dismiss.  First, Defendant contends that Plaintiff failed to give notice of copyright on its

---

[2] The requisite showing for Plaintiff's state law claims is essentially the same.  See Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir.1985).

business name, pursuant to 17 U.S.C. § 401. Plaintiff is not alleging a claim for copyright infringement, but instead, is alleging claims for trade name infringement under the federal and state law. In addition, although a trade name is protected under the Lanham Act, a trade name is not itself registerable. See Accuride Int'l Inc. v. Accuride Corp., 871 F.2d 1531, 1534 (9th Cir. 1989); Walt-West Enters., Inc. v. Gannett Co., Inc., 695 F.2d 1050, 1054 n.6 (7th Cir. 1982).

Second, Defendant appears to suggest that the use of GSC as part of his business name is permissible because "he checked with Federal DOT" before he "applied for the business name GSC TRUCKING." Def.'s Mot. at 4. This argument is based on facts which are outside the pleadings, and thus, is not properly before the Court. In any event, whether or not Defendant obtained a permit from the Department of Transportation under the name GSC Trucking does not establish that he has a superior legal right to use that name in the first instance. C.f., Mortgage Elec. Registration Sys., Inc. v. Brosnan, 2009 WL 3647125 at *4 (N.D. Cal., Sept. 4, 2009) ("merely incorporating an entity does not authorize the use of a name that rightfully belongs to another party"). Rather, for purposes of determining the right to use a trade name, it is the date of first use that is critical. See Sengoku Works Ltd. v. RMC Int'l, Ltd., 96 F.3d 1217, 1219 (9th Cir. 1996). Here, the Amended Complaint alleges that Plaintiff has been using GSC as part of its name well before Defendants' first use. See Am. Compl. ¶¶ 7-8.

Third, Defendant argues that "there is no comparison between plaintiff and defendant's business, defendant is small business operating within City if [sic] Oakland and operating from Mountain View and has nothing to do with plaintiff's business." Pl.'s Mot. at 5. Defendant appears to be arguing that there is no likelihood of confusion due to differences in the parties' respective operations. Again, this argument is based on (unsubstantiated) facts beyond the pleadings that may not be considered on a motion to dismiss. Moreover, Defendant ignores allegations in the Amended Complaint that both parties operate trucking businesses in the same geographic area, thereby leading to a likelihood of confusion. Am. Compl. ¶¶ 7-8, 10.

Finally, Defendant asserts that Plaintiff and the Port of Oakland conspired to shut down his business. Pl.'s Mot. at 5. In addition to being unsupported and based on facts outside the pleadings, this argument has no bearing on whether Plaintiff has stated a claim for trade name infringement under federal or state law. Accordingly, Defendant's motion to dismiss for failure to state a claim is DENIED.

### B. MOTION FOR MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides that "[i]f a pleading is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Motions for a more definite statement are "proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Here, Defendant fails to offer any argument in support of his motion for a more definite statement and has not otherwise identified any aspect of the Amended Complaint that is so "vague or ambiguous" that he cannot frame a response. To the contrary, the allegations and claims alleged in the Amended Complaint are clearly articulated. Defendant's alternative motion for a more definite statement is DENIED.

## IV. CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss Under FRCP 12(b)(6), or, in the Alternative, Motion for More Definite Statement Under FRCP 12(e) is DENIED. The April 13, 2010, hearing date is VACATED.

2. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant shall file his responsive pleading within fourteen days of the date this Order is filed. Failure to file a responsive pleading by that date may subject Defendant to the entry of default and default judgment.

3. The Case Management Conference currently scheduled for April 13, 2010, is CONTINUED to **April 29, 2010 at 3:30 p.m.**  The parties shall **meet and confer** prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court.  Plaintiff shall be responsible for filing the statement as well as for arranging the conference call.  All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

4. This Order terminates Docket 26.

IT IS SO ORDERED.

Dated: April 6, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge